Paul R. Kiesel, State Bar No. 119854
  kiesel@kiesel.law
Helen Zukin, State Bar No. 117933
  zukin@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:    310-854-4444
Fax:    310-854-0812

Barrett L. Beasley, State Bar No. 194143
  bbeasley@salim-beasley.com
**SALIM-BEASLEY, LLC**
1901 Texas Street
Natchitoches, Louisiana 71457
Tel:    (318) 352-5999
Fax:    (318) 352-5998

Attorneys for Plaintiff
Randall Crosby

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, EUREKA**

| | |
|---|---|
| RANDALL CROSBY, Individually and as Successor-In-Interest of the ESTATE OF GWENDOLYN CROSBY. <br><br> Plaintiff, <br><br> v. <br><br> MCKESSON CORPORATION, a corporation; BRISTOL-MYERS SQUIBB COMPANY, a corporation; PFIZER, INC., a corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 1:16-cv-06306-NJV <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND PFIZER, INC.'S ADMINISTRATIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF PETITION TO JPML; AND DECLARATION OF HELEN ZUKIN** <br><br> Judge:   Hon. Nandor J. Vadas |

Plaintiff, Randall Crosby, through the undersigned counsel, hereby submits his Opposition to the Administrative Motion to Stay Proceedings Pending Resolution of Petition to the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") filed by Defendants, Bristol-Myers Squibb Company ("BMS") and Pfizer, Inc. First, it should be noted that on November 5, 2016, the Honorable Magistrate Judge Nathanael Cousins denied for lack of good cause an identical Administrative Motion to Stay Proceedings filed by Defendants' in *Bonnie McIntosh v. McKesson Corporation, et al.*, Case No. 5:16-cv-06124-NC, an action also originally filed in California state court for injuries resulting from that plaintiff's use of the prescription drug Eliquis. Declaration of Helen Zukin, Ex. A.

Second, Plaintiff must rectify several distortions set forth in Defendants' Motion to Stay that are relevant to this Court's consideration:

- The "30 stays" repeatedly referenced in Defendants' Motion are not "similar" as they allege, because the stays were not adjudicated before being entered by those courts. In fact, whether to stay the litigations was not even disputed. A review of Exhibit A of Defendants' Declaration demonstrates that every single stay out of the 30 orders was the result of a *joint motion or consent by the plaintiffs*.

- The other cases that Defendants have requested the JPML to transfer do not involve allegations contained in Plaintiff's case, as Defendants allege. Plaintiff herein has specifically named another defendant, McKesson Corporation, under California state law that specifically holds distributors and suppliers strictly liable for injuries caused by defective products. *Jimenez v. Superior Court*, 29 Cal. 4th 473 (2002).

- Federal jurisdiction is not at issue in the cases included in Defendants' Exhibit A, which are also subject to Defendants' petition to the JPML. All of those cases are pending in federal court because they *originated* in federal court, where they were filed *by the plaintiffs*, negating Defendants' allegation of judicial economy as a factor in the instant Motion.

- Defendants fail to inform this Court that Mr. Crosby is already party to a Petition for Coordination to the Chair of the Judicial Council of California that includes all the Eliquis cases filed in California state courts, negating Defendants' implication of prejudice by having to "defend itself in multiple fora" (Defs.' Mot. 4).

## I.   INTRODUCTION

Mr. Crosby filed this case in California Superior Court for Mendocino County on October 17, 2016. Subsequently, he and plaintiffs in eight other California Superior Court cases, including the plaintiff in *McIntosh v. McKesson Corporation, et al.* (Case No. 5:16-cv-06124-NC), filed a Petition for Coordination so that the cases may be heard by one judge pursuant to California Code of Civil Procedure § 404. Zukin Decl., Ex. B. On November 1, 2016, BMS and Pfizer removed Mr. Crosby's

case to this Court alleging diversity jurisdiction, despite a California distributor being named as a defendant pursuant to state law regarding strict liability in products liability cases. (Doc. No. 1.) In the meantime, BMS and Pfizer requested the JPML to transfer and consolidate all federal cases to one court. (Doc. No. 7.) Given that Plaintiff is one of the petitioners already moving for coordination in California state court, he began preparing a Motion to Remand for lack of jurisdiction and violation of the forum defendant rule. Defense counsel knew of this intent, as noted by Defendants' Motion. That a motion to remand is forthcoming is the only reason Defendants resorted to filing an administrative motion to stay these proceedings. Notably, there is no JPML order that applies to this case. Additionally, Defendants' motion to transfer and consolidate has not even been set for hearing by the JPML yet.

Accordingly, Defendants' Motion to Stay should be denied for lack of good cause. A stay is not warranted given that subject matter jurisdiction is hotly disputed, the certainty of prejudice to Plaintiff from delay and duplicative briefing, and the fact that judicial resources will not be conserved because subject matter jurisdiction is not an issue before the JPML. Additionally, a coordinated proceeding in California state court will allow Defendants to avoid duplication in discovery and motion practice, or prejudice. Defendants should not be allowed to use the multidistrict litigation model as a tool in furtherance of delay and harassment where federal jurisdiction has not even been determined to exist.

## II.    ARGUMENT & AUTHORITIES

BMS and Pfizer request a stay solely on the basis that they presently have a transfer request in 34 *other* cases pending resolution by the JPML pursuant to 28 U.S.C. § 1407. However, Rule 2.1(d) of the JPML rules specifies that a motion to transfer with the Panel does not require that an action be stayed by a district court, and does not affect or suspend proceedings in that court. In other words, "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

The Ninth Circuit has "made clear that courts should address subject matter jurisdiction at the outset in the 'mine run of cases,'" *Mullin v. GM, LLC*, No. CV 15-7668-DMG, 2016 U.S. Dist. LEXIS 2560, at *2 (C.D. Cal. Jan. 7, 2016), citing *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) ("federal courts normally must resolve questions of subject matter jurisdiction before reaching other

threshold issues"). In fact, the Northern District of California Court has *acknowledged* "an apparent practice within the Ninth Circuit for courts to rule on remand motions before deciding motions to transfer." *Burse v. Purdue Pharma Co.,* No. C-04-594 SC, 2004 U.S. Dist. LEXIS 9769, at *4-5 (N.D. Cal. May 3, 2004), citing *Johnson v. America Online, Inc.,* 2002 U.S. Dist. LEXIS 26937, (N.D. Cal. Mar. 21, 2002); *Smith v. Mail Boxes, Etc. USA, Inc.,* 191 F. Supp.2d 1155 (E.D. Cal. 2002); and *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997).

A court's decision whether to decide on a remand or transfer motion first is extremely sensitive to the facts of the particular case. *Burse, supra,* at *4-5. When considering merely whether to stay proceedings pending a motion before the JPML, courts consider the following factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Couture v. Hoffman-La Roche, Inc.,* No. C 12-2657 PJH, 2012 U.S. Dist. LEXIS 104023 (N.D. Cal. July 25, 2012). More specifically, courts in the Northern District of California have used an additional approach when the determination whether to stay is weighed against a pending motion to remand. *See Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (applying a three-step approach and finding it appropriate to determine remand before stay); *Brock v. Stolt-Nielsen SA*, No. 04-cv-1992 FMS, 2004 U.S. Dist. LEXIS 16834, 2004 WL 1837934, at *1 (N.D. Cal. Aug. 17, 2004) (deciding motion to remand before motion to stay and noting "[a]lthough the Court has the inherent power to stay proceedings, it balances that discretion against its historic obligation to ensure jurisdiction is proper"); *Lopez v. Pfeffer*, No. 13-cv-03341 NC, 2013 U.S. Dist. LEXIS 138922 (N.D. Cal. Sep. 25, 2013). Under the additional approach, a court must first "give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court." *Lopez* at *5-6. Second, if the jurisdictional question appears factually or legally difficult then the court must determine "whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding." *Id.* Third, "if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred, the court should stay the action." *Id.* At the very least, BMS and Pfizer cannot

1    overcome the first step of this test, nor have they even addressed it in their Motion to Stay.

2         Even if Defendants could meet the Northern District of California's test to overcome the

3    obligation to determine jurisdiction first and foremost, the elements regarding a stay still weigh in

4    Plaintiff's favor. A stay would undoubtedly prejudice Mr. Crosby. *See Hermosillo v. McKesson Corp.*,

5    No. C 13-03169 WHA, 2013 U.S. Dist. LEXIS 115065, at *5-6 (N.D. Cal. Aug. 14, 2013) ("it would

6    cause undue prejudice to plaintiffs to be forced to file and argue motions to remand in two different

7    courts before being sent back to square one — state court, where this action belongs").

8         On the other hand, BMS and Pfizer would not suffer hardship or inequity without a stay

9    because they are "only entitled to litigate in the MDL if there is federal subject matter jurisdiction."

10   *See Hermosillo v. McKesson Corp.*, No. 13-cv-03169 WHA, 2013 U.S. Dist. LEXIS 115065 (N.D.

11   Cal. Aug. 14, 2013).  Additionally, Plaintiff is already party to a Petition for Coordination in front of

12   one judge pursuant to state law. There is, therefore, no danger of duplicate discovery or motion practice

13   for Defendants or the hassle of multiple fora.

14        Finally, judicial economy is not conserved by staying this case and putting off determining the

15   threshold issue of federal jurisdiction. This Court cannot assume that the MDL will be granted or, if it

16   is, that the transferee court would be presented with the issue of subject matter jurisdiction. All the

17   cases listed in Defendants' Exhibit A were filed by the plaintiffs in federal court. Therefore, subject

18   matter jurisdiction is not an issue in those cases being considered for transfer and consolidation by the

19   JPML. *Marble v. Organon*, No. 12-2213, 2012 U.S. Dist. LEXIS 83520, 2012 WL 2237271, at *3

20   (N.D. Cal. June 15, 2012) (when a jurisdictional issue has not yet arisen before the MDL, a motion to

21   stay has been denied and the action remanded to state court because burdening the MDL with a new

22   jurisdictional issue would not be in the interest of judicial economy). *See also Guardado v. Highshaw*,

23   No. EDCV 13—365, 2013 U.S. Dist. LEXIS 188414, at *6-8 (C.D. Cal. May 6, 2013) ("Under either

24   approach [the three-step approach or balancing approach], the Court concludes that it is appropriate to

25   address Plaintiff's motion to remand rather than staying the case and deferring the jurisdictional issues

26   to the MDL court."); *Goodwin v. Kojian*, No. 8:2013-cv-00325, 2013 U.S. Dist. LEXIS 53403, at *6

27   (C.D. Cal. Apr. 12, 2013) ("This Court agrees with Plaintiff that it must first address the jurisdictional

28   issue before deciding Defendant's MTS [Motion to Stay]."); *Conroy v. Fresh Del Monte Produce*,

*Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004) ("[I]t is in the interest of judicial economy to decide issues of jurisdiction as early in the litigation process as possible. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended . . . ."); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188 (N.D. Cal. 1997) (denying motion to stay pending determination of transfer by the JPML and deciding threshold jurisdictional issue). Denying BMS and Pfizer's Motion to Stay would prevent yet another federal court from being burdened with an action that plainly belongs in state court.

## III.     CONCLUSION

BMS and Pfizer's Motion to Stay should be denied because a stay is not warranted given that subject matter jurisdiction cannot pass preliminary scrutiny. As such, a stay pending transfer to the MDL would not conserve the parties' and the judicial system's time and resources and, further, would prejudice Plaintiff.


DATED: November 7, 2016                      Respectfully submitted,

**KIESEL LAW LLP**


By:          */s/ Helen Zukin*
             Paul R. Kiesel
             Helen Zukin

             **SALIM-BEASLEY, LLC**
             Barrett L. Beasley

             Attorneys for Plaintiff
             Randall Crosby

# DECLARATION OF HELEN ZUKIN

I, Helen Zukin, hereby declare as follows:

1.      I am an attorney at law, duly licensed to practice before all Courts of the State of California and the United States District Courts for the Northern, Southern, Central, and Eastern Districts of California. I am a partner with Kiesel Law LLP, counsel for Plaintiff in this action.  This Declaration is offered in support of Opposition to Defendants Bristol-Myers Squibb Company and Pfizer, Inc.'s Administrative Motion to Stay Proceedings Pending Resolution of Petition to JPML. If called as a witness I could and would competently testify to the following based on personal knowledge:

2.      Attached hereto as **Exhibit "A"** is a true and correct copy of Magistrate Judge Nathanael Cousins's November 5, 2016 Order denying Defendants' Administrative Motion to Stay Proceedings Pending Resolution of Petition to JPML filed in *Bonnie McIntosh v. McKesson Corporation, et al.*, Case No. 5:16-cv-06124-NC.

3.      Attached hereto as **Exhibit "B"** is a true and correct copy of the Petition for Coordination filed with the Judicial Council of California on October 20, 2016 (*without exhibits*).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 7, 2016, at Beverly Hills, California.

_____
Helen Zukin

# EXHIBIT A

**Melanie Palmer**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Saturday, November 05, 2016 4:24 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:16-cv-06124-NC Bonnie McIntosh v. McKesson  Corporation et al Order on Administrative Motion per Civil Local Rule 7-11 |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### California Northern District

### Notice of Electronic Filing

The following transaction was entered on 11/5/2016 at 4:23 PM and filed on 11/5/2016

| | |
|---|---|
| **Case Name:** | Bonnie McIntosh v. McKesson Corporation et al |
| **Case Number:** | 5:16-cv-06124-NC |
| **Filer:** | |
| **Document Number:** | 25(No document attached) |

**Docket Text:**
**Order denying [19] Administrative Motion to Stay, for lack of good cause shown, entered by Magistrate Judge Nathanael M. Cousins. (This is a text-only entry generated by the court. There is no document associated with this entry.)**

**5:16-cv-06124-NC Notice has been electronically mailed to:**

**Barrett Beasley     BBeasley@Salim-Beasley.com, ebailey@salim-beasley.com, lcausey@salim-beasley.com, robertsalim@cp-tel.net, sgill@salim-beasley.com**

**Brooke Killian Kim     brooke.kim@dlapiper.com, sally.jones@dlapiper.com**

**Erin McCalmon Bosman     ebosman@mofo.com, erin-bosman-5053@ecf.pacerpro.com, sdpdrive@mofo.com, stacy-vinagre-4824@ecf.pacerpro.com, svinagre@mofo.com**

**Helen E Zukin     zukin@kiesel.law, jsalgueiro@kiesel.law, palmer@kiesel.law, ramirez@kiesel.law, smendoza@kiesel.law**

**Julie Yongsun Park**    juliepark@mofo.com, julie-park-7376@ecf.pacerpro.com, sdpdrive@mofo.com, stacy-vinagre-4824@ecf.pacerpro.com, svinagre@mofo.com

**Paul R. Kiesel**    kiesel@kiesel.law, aabgaryan@kiesel.law, jmendez@kiesel.law, jsalgueiro@kbla.com, sduenas@kiesel.law, smendoza@kiesel.law

**5:16-cv-06124-NC Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

# EXHIBIT B

RECEIVED

OCT 2 0 2016

JUDICIAL COUNCIL OF CALIFORNIA
BY _Katherine Stur (b.a.)_
COORDINATION ATTORNEY

1  Paul R. Kiesel, State Bar No. 119854
       _kiesel@kiesel.law_
2  Helen Zukin, State Bar No. 117933
       _zukin@kiesel.law_
3  Melanie Palmer, State Bar No. 286752
       _palmer@kiesel.law_
4  **KIESEL LAW LLP**
   8648 Wilshire Boulevard
5  Beverly Hills, California 90211-2910
   Tel:   310-854-4444
6  Fax:   310-854-0812

7  Barrett L. Beasley, State Bar No. 194143
       _bbeasley@salim-beasley.com_
8  Robert L. Salim [_Pro Hac Vice_ Pending]
       _robertsalim@cp-tel.net_
9  Lisa Causey-Streete [_Pro Hac Vice_ Pending]
       _lcausey@salim-beasley.com_
10 **SALIM-BEASLEY, LLC**
   1901 Texas Street
11 Natchitoches, Louisiana 71457
   Tel:   (318) 352-5999
12 Fax:   (318) 352-5998

13 Attorneys for Plaintiffs and Petitioners

14

15              **JUDICIAL COUNCIL OF CALIFORNIA**

16              **CHAIR OF THE JUDICIAL COUNCIL**

17

18 BONNIE MCINTOSH,                         JCCP No. **4899**

19              Plaintiff and Petitioner,   Santa Cruz County Superior Court
       v.                                   Case No. 16CV02437
20
   MCKESSON CORPORATION, et al.,            **PETITION FOR COORDINATION AND**
21                                          **REQUEST FOR STAY OF ALL**
              Defendants and Respondents.   **INCLUDED ACTIONS**
22
                                            [_Filed concurrently with Memorandum of_
23                                          _Points and Authorities, and Declaration of_
                                            _Helen Zukin_]
24
   RICHARD FONGER, et al.,                  San Diego County Superior Court
25                                          Case No. 37-2016-00034957-CU-PL-NC
              Plaintiffs and Petitioner,
26 v.

27 MCKESSON CORPORATION, et al.,

28              Defendants and Respondents.

   ───────────────────────────────────────────────────────────────
   PETITION FOR COORDINATION AND REQUEST FOR STAY OF ALL INCLUDED ACTIONS

| | |
|---|---|
| GABRIEL DELLUTRI,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Los Angeles County Superior Court<br>Case No. BC636969 |
| OZRA LEBASTCHI,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Los Angeles County Superior Court<br>Case No. BC637075 |
| DOLORES WILLIAMS,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Los Angeles County Superior Court<br>Case No. BC637219 |
| JUDY HAYES,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Riverside County Superior Court<br>Case No. RIC 1613388 |
| FLORENCE QUARG,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | San Diego County Superior Court<br>Case No. 37-2016-00035743-CU-PL-CTL |
| NORMA STUART,<br><br>        Plaintiff and Petitioner,<br>v. | Orange County Superior Court<br>Case No. 30-2016-00880347-CU-PL-CXC |

**PETITION FOR COORDINATION AND REQUEST FOR STAY OF ALL INCLUDED ACTIONS**

1 | MCKESSON CORPORATION, et al.,
2 |               Defendants and Respondents.
3 | ――――――――――――――――――――――――――
4 | RANDALL CROSBY,                          Mendocino County Superior Court
  |                                          Case No. SCUK-CVPO-2016-68260
5 |               Plaintiff and Petitioner,
  | v.
6 | MCKESSON CORPORATION, et al.,
7 |               Defendants and Respondents.
8 |

9  TO THE CHAIR OF THE JUDICIAL COUNCIL, THE PARTIES TO THE ACTIONS, AND

10 THEIR COUNSEL OF RECORD:

11          PLEASE TAKE NOTICE that, pursuant to the California Code of Civil Procedure section

12 404, *et seq*., and California Rules of Court 3.500, *et seq*., Plaintiffs and Petitioners, Bonnie

13 McIntosh, Richard Fonger and Jean Kelley, Gabriel Dellutri, Ozra Lebastchi, Dolores Williams,

14 Judy Hayes, Florence Quarg, Norma Stuart, and Randall Crosby, by and through their counsel,

15 hereby submit this Petition to the Chair of the Judicial Council to coordinate the actions listed

16 below for all pretrial purposes only.

17          PLEASE TAKE FURTHER NOTICE that any written opposition or response to the herein

18 Petition must be filed and served at least nine (9) court days before the hearing date set on this

19 Petition. A hearing on this Petition is hereby requested.

20          All of the proposed included actions involve allegations that Defendants McKesson

21 Corporation, Bristol-Myers Squibb Company, Pfizer Inc., and Does 1 through 100, inclusive,

22 designed, developed, manufactured, marketed, advertised, promoted, distributed, and sold either

23 directly or indirectly through third parties or related entities, products known as Eliquis, also

24 known as apixaban, throughout the State of California for treatment of stroke and systemic

25 embolism in patients with non-valvular atrial fibrillation, reducing the risk of recurrence of deep

26 vein thrombosis (DVT) and pulmonary embolism (PE), and for prophylaxis of DVT for patients

27 undergoing hip and knee replacement surgery.  Plaintiffs and Petitioners herein are individual

28 consumers who suffered damages as a result of use of Eliquis as a result of internal bleeding and

3

**PETITION FOR COORDINATION AND REQUEST FOR STAY OF ALL INCLUDED ACTIONS**

related sequelae. Petitioners seek to coordinate the cases listed below for pretrial purposes only, as well as similar cases filed in the State of California that constitute the subject of this Petition:

a) *Mariano Aguirre, et al. v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC633591 (filed 09/09/2016), assigned to Hon. Steven J. Kleifield – Department 324; Los Angeles County Superior Court, Central Civil West Courthouse;[1]

b) *Bonnie McIntosh v. McKesson Corporation, et al.*, Santa Cruz County Superior Court Case No. 16CV02437 (filed 09/21/2016), assigned to Hon. Paul Burdick – Department 5; Santa Cruz County Superior Court, Santa Cruz Courthouse;

c) *Richard Fonger, et al. v. McKesson Corporation, et al.*, San Diego County Superior Court Case No. 37-2016-00034957-CU-PL-NC (filed 10/05/2016), assigned to Hon. Robert P. Dahlquist – Department N-29; San Diego County Superior Court, North County Vista;

d) *Gabriel Dellutri v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC636969 (filed 10/12/2016), assigned to Hon. Steven J. Kleifield – Department 324; Los Angeles County Superior Court, Central Civil West Courthouse;

e) *Ozra Lebastchi v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC637075 (filed 10/12/2016), assigned to Hon. Steven J. Kleifield – Department 324; Los Angeles County Superior Court, Central Civil West Courthouse;

f) *Dolores Williams v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC637219 (filed 10/12/2016), assigned to Hon. Steven J. Kleifield – Department

---

[1] This case was filed on behalf of the plaintiffs by Michael Louis Kelly of Kirtland & Packard LLP. While they are not named petitioners herein, they are in favor of submitting this petition for coordination to the Chairperson of the Judicial Council. Additionally, Kirtland & Packard filed *Charlene Little, et al. v. McKesson Corporation, et al.*, San Diego County Superior Court Case No. 37-2016-00018332-CU-MT-CTL on May 31, 2016. However, that case has been removed to the U.S. District Court for the Southern District of California. Plaintiffs' motion to remand, filed September 23, 2016, has not been ruled upon yet.

**PETITION FOR COORDINATION AND REQUEST FOR STAY OF ALL INCLUDED ACTIONS**

324; Los Angeles County Superior Court, Central Civil West Courthouse;

g)     *Judy Hayes v. McKesson Corporation, et al.*, Riverside County Superior Court Case No. RIC1613388 (filed 10/12/2016), assigned to Hon. Craig G. Riemer – Department 5; Riverside County Superior Court;

h)     *Florence Quarg v. McKesson Corporation, et al.*, San Diego County Superior Court Case No. 37-2016-00035743-CU-PL-CTL (filed 10/12/2016), assigned to Hon. Ronald L. Styn – Department C-62; San Diego County Superior Court, Central Courthouse;

i)     *Norma Stuart v. McKesson Corporation, et al.*, Orange County Superior Court Case No. 30-2016-00880347-CU-PL-CXC (filed 10/11/2016), assigned to Hon. Kim G. Dunning – Department CX104; Orange County Superior Court, Civil Complex Center;

j)     *Randall Crosby v. McKesson Corporation, et al.*, Mendocino County Superior Court Case No. SCUK-CVPO-2016-68260 (filed 10/17/2016), assigned to Hon. Jeanine Nadel – Department E; Mendocino County Superior Court, Mendocino County Courthouse.

Petitioners are unaware of any other actions filed in California state court that share common questions of law or fact. Petitioners respectfully request that the Los Angeles County Superior Court Complex Civil Panel be assigned to determine whether coordination of these actions is appropriate.

This Petition is made pursuant to Section 404 of the California Code of Civil Procedure and Rule 3.521 of the California Rules of Court on the ground that one judge hearing all actions for all pretrial purposes only in the Superior Court for the County of Los Angeles will promote the ends of justice for the following reasons:

- All of the cases allege identical or virtually identical legal and factual theories, are based upon similar events and thus have many of the same issues of fact and law;
- The cases involve the same defendants that will presumably be represented by the same counsel;
- Coordination will further the efficient utilization of judicial resources and avoid the

1    unnecessary duplication and waste o judicial resources;

2    • Coordination will further the convenience of the parties, witnesses and counsel;

3    • Coordination will avoid duplicative or inconsistent rulings and orders; and

4    • Coordination will increase the possibility of settlement of disputed matters.

5    Satisfaction of such grounds is more particularly set forth in the accompanying Declaration

6    of Helen Zukin, the Memorandum of Points and Authorities, and other supporting documents

7    submitted herewith. The actions sought to be coordinated fall within the definition of "complex

8    litigation" under Section 19 of the Standards of Judicial Administration and Rule 3.400, *et seq.*, of

9    the California Rules of Court.

10   Proof of filing in each included action of the Notice of Submission of Petition for

11   Coordination and a Copy of the Petition pursuant to Rule 3.522 of the California Rules of Court,

12   and any documents to be submitted pursuant to Rule 3.523 of the California Rules of Court will be

13   submitted to the Chair of the Judicial Council within the time frames provided by Rules 3.522 and

14   3.523.

15

16   DATED: October 19, 2016          Respectfully submitted,

17                                    **KIESEL LAW LLP**

18

19                                    By: _____

20                                         Paul R. Kiesel
                                          Helen Zukin
21                                         Melanie Palmer

22                                    **SALIM-BEASLEY, LLC**
23                                    Barrett Beasley
                                      Robert L. Salim
24                                    Lisa Causey-Streete

25                                    Attorneys for Plaintiffs and Petitioners

26

27

28

6

RECEIVED

OCT 2 0 2016

JUDICIAL COUNCIL OF CALIFORNIA

BY ~Katherine Sher~

COORDINATION ATTORNEY

1   Paul R. Kiesel, State Bar No. 119854
      *kiesel@kiesel.law*
2   Helen Zukin, State Bar No. 117933
      *zukin@kiesel.law*
3   Melanie Palmer, State Bar No. 286752
      *palmer@kiesel.law*
4   **KIESEL LAW LLP**
    8648 Wilshire Boulevard
5   Beverly Hills, California 90211-2910
    Tel:    310-854-4444
6   Fax:    310-854-0812

7   Barrett L. Beasley, State Bar No. 194143
      *bbeasley@salim-beasley.com*
8   Robert L. Salim [*Pro Hac Vice* Pending]
      *robertsalim@cp-tel.net*
9   Lisa Causey-Streete [*Pro Hac Vice* Pending]
      *lcausey@salim-beasley.com*
10  **SALIM-BEASLEY, LLC**
    1901 Texas Street
11  Natchitoches, Louisiana 71457
    Tel:    (318) 352-5999
12  Fax:    (318) 352-5998

13  Attorneys for Plaintiffs and Petitioners

14

15              **JUDICIAL COUNCIL OF CALIFORNIA**

16            **CHAIR OF THE JUDICIAL COUNCIL**

17  BONNIE MCINTOSH,                    JCCP No. 4899

18              Plaintiff and Petitioner,    Santa Cruz County Superior Court
                                             Case No. 16CV02437
19          v.

20  MCKESSON CORPORATION, et al.,       **MEMORANDUM OF POINTS AND**
                                        **AUTHORITIES IN SUPPORT OF**
                                        **PETITION FOR COORDINATION AND**
                Defendants and Respondents.   **REQUEST FOR STAY**
21
22                                      [*Filed concurrently with Petition for*
                                        *Coordination and Request for Stay, and*
23                                      *Declaration of Helen Zukin*]

24  RICHARD FONGER, et al.,             San Diego County Superior Court
                                        Case No. 37-2016-00034957-CU-PL-NC
25              Plaintiffs and Petitioner,

26          v.

27  MCKESSON CORPORATION, et al.,

28              Defendants and Respondents.

| | |
|---|---|
| GABRIEL DELLUTRI,<br><br>        Plaintiff and Petitioner,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Los Angeles County Superior Court<br>Case No. BC636969 |
| OZRA LEBASTCHI,<br><br>        Plaintiff and Petitioner,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Los Angeles County Superior Court<br>Case No. BC637075 |
| DOLORES WILLIAMS,<br><br>        Plaintiff and Petitioner,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Los Angeles County Superior Court<br>Case No. BC637219 |
| JUDY HAYES,<br><br>        Plaintiff and Petitioner,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Riverside County Superior Court<br>Case No. RIC 1613388 |
| FLORENCE QUARG,<br><br>        Plaintiff and Petitioner,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | San Diego County Superior Court<br>Case No. 37-2016-00035743-CU-PL-CTL |
| NORMA STUART,<br><br>        Plaintiff and Petitioner,<br><br>v. | Orange County Superior Court<br>Case No. 30-2016-00880347-CU-PL-CXC |

2

MCKESSON CORPORATION, et al.,

        Defendants and Respondents.

RANDALL CROSBY,

        Plaintiff and Petitioner,

v.

MCKESSON CORPORATION, et al.,

        Defendants and Respondents.

Mendocino County Superior Court
Case No. SCUK-CVPO-2016-68260

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION AND REQUEST FOR STAY

## I.   INTRODUCTION

California law authorizes the coordination of complex cases pending in different courts whenever they share a common question of law or fact.  Civ. Proc. Code § 404.  The statute provides for the coordination of these types of cases in order to promote the efficient use of judicial resources.  *Id.*  Here, the actions sought to be coordinated each allege similar product liability and negligence claims against the same Defendants for injuries arising out of Eliquis, also known as apixaban, a pharmaceutical product used to treat stroke and systemic embolism in patients with non-valvular atrial fibrillation, and reduce the risk of deep vein thrombosis (DVT) and pulmonary embolism (PE).  Plaintiffs allege internal bleeding injuries.

Coordination of the Eliquis Product Liability Actions "will promote the ends of justice" as required under Code Civ. Proc. § 404 and 404.1. The included cases involve common questions of fact or law against the same group of defendants.  Coordination will further save the courts and the parties significant resources by avoiding duplicative motions and discovery and prevent the risk of inconsistent rulings.  Additionally, the parties will not burden multiple courts of this State with the task of presiding over similar efforts by plaintiffs to recover for alleged injuries caused by the ingestion of Eliquis. Petitioners seek to coordinate the cases listed below for pretrial purposes only, as well as similar cases filed in the State of California that constitute the subject of this Petition:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION**

a)      *Mariano Aguirre, et al. v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC633591 (filed 09/09/2016), assigned to Hon. Steven J. Kleifield – Department 324; Los Angeles County Superior Court, Central Civil West Courthouse;[1]

b)      *Bonnie McIntosh v. McKesson Corporation, et al.*, Santa Cruz County Superior Court Case No. 16CV02437 (filed 09/21/2016), assigned to Hon. Paul Burdick – Department 5; Santa Cruz County Superior Court, Santa Cruz Courthouse;

c)      *Richard Fonger, et al. v. McKesson Corporation, et al.*, San Diego County Superior Court Case No. 37-2016-00034957-CU-PL-NC (filed 10/05/2016), assigned to Hon. Robert P. Dahlquist – Department N-29; San Diego County Superior Court, North County Vista;

d)      *Gabriel Dellutri v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC636969 (filed 10/12/2016), assigned to Hon. Steven J. Kleifield – Department 324; Los Angeles County Superior Court, Central Civil West Courthouse;

e)      *Ozra Lebastchi v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC637075 (filed 10/12/2016), assigned to Hon. Steven J. Kleifield – Department 324; Los Angeles County Superior Court, Central Civil West Courthouse;

f)      *Dolores Williams v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC637219 (filed 10/12/2016), assigned to Hon. Steven J. Kleifield – Department 324; Los Angeles County Superior Court, Central Civil West Courthouse;

g)      *Judy Hayes v. McKesson Corporation, et al.*, Riverside County Superior Court Case No. RIC1613388 (filed 10/12/2016), assigned to Hon. Craig G. Riemer – Department 5; Riverside County Superior Court;

h)      *Florence Quarg v. McKesson Corporation, et al.*, San Diego County Superior

---

[1] This case was filed on behalf of the plaintiffs by Michael Louis Kelly of Kirtland & Packard LLP. While they are not named petitioners herein, they are in favor of submitting this petition for coordination to the Chairperson of the Judicial Council. Additionally, Kirtland & Packard filed *Charlene Little, et al. v. McKesson Corporation, et al.*, San Diego County Superior Court Case No. 37-2016-00018332-CU-MT-CTL on May 31, 2016. However, that case has been removed to the U.S. District Court for the Southern District of California. Plaintiffs' motion to remand, filed September 23, 2016, has not been ruled upon yet.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION**

Court Case No. 37-2016-00035743-CU-PL-CTL (filed 10/12/2016), assigned to Hon. Ronald L. Styn – Department C-62; San Diego County Superior Court, Central Courthouse;

  i)  *Norma Stuart v. McKesson Corporation, et al.*, Orange County Superior Court Case No. 30-2016-00880347-CU-PL-CXC (filed 10/11/2016), assigned to Hon. Kim G. Dunning – Department CX104; Orange County Superior Court, Civil Complex Center;

  j)  *Randall Crosby v. McKesson Corporation, et al.*, Mendocino County Superior Court Case No. SCUK-CVPO-2016-68260 (filed 10/17/2016), assigned to Hon. Jeanine Nadel – Department E; Mendocino County Superior Court, Mendocino County Courthouse.

  Plaintiffs and Petitioners are currently finalizing service of process of all summons and complaints on Defendants and Respondents, McKesson, Bristol-Myers Squibb, and Pfizer.

## II. WHEN PETITION MAY BE MADE

  When civil actions sharing a common question of fact or law are pending in different courts, all the parties plaintiff, in any one of the actions may submit a Petition for Coordination to the Chair of the Judicial Council, who on receiving the Petition may assign a judge to determine whether the actions are complex, and if so, whether coordination of the actions is appropriate (Code Civ. Proc. § 404; Cal. Rules of Ct., Rules 3.520(b), 3.521(a)).

  Coordination promotes "judicial efficiency and economy by providing for the unified management" of the coordinated cases.  *Citigroup North Am., Inc. v. Superior Court* (1989) 213 Cal. App. 3d 563, 565, fn.3.  Code Civ. Proc. § 404 governs the method for coordination when complex cases share a common question of law or fact.

  Coordination should be ordered when its benefits outweigh potential complications or problems. *McGhan Medical Corp. v. Superior Court* (1992) 11 Cal. App. 4th 804, 812-813, 14 Cal. Rptr. 2d 264. The judge has discretion in weighing and balancing the factors to determine whether coordination best serves the ends of justice in a particular case. The judge's discretion is not abused if there is evidence to support the existence of many factors favoring the judge's decision. *Pesses v. Superior Court* (1980) 107 Cal. App. 3d 117, 126, 165 Cal. Rptr. 680.

  Coordination is proper when two requirements are met: (1) the actions are "complex" as defined by the Judicial Council, and (2) the actions meet the coordination criteria set forth in Code

1   Civ. Proc. § 404.1.

2   **III.      THE ELIQUIS PRODUCT LIABILITY ACTIONS ARE COMPLEX**

3           The court must consider California Rules of Court, Rule 3.400 *et seq.* in determining

4   whether a case is complex within the meaning of Code Civ. Proc. § 404 (Cal. Rules of Ct., Rule

5   3.502). Under California Rules of Court, Rule 3.400(a), a complex case is an action that requires

6   exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants

7   and to expedite the case, keep costs reasonable, and promote effective decision making by the

8   court, the parties, and counsel. The actions sought to be coordinated here are complex actions

9   within this definition so as to allow their coordination under Code of Civil Procedure Section 404.

10  The included actions will involve numerous pretrial motions raising difficult or novel legal issues

11  that will be time-consuming to resolve; management of a large number of witnesses and a

12  substantial amount of documentary evidence; management of a large number of separately

13  represented parties; and potential coordination with related actions pending in federal court.

14  Furthermore, the included actions are provisionally complex under California Rules of Court

15  Section 3.400(b) because they involve mass torts.

16  **IV.     COORDINATION IS NECESSARY AND APPROPRIATE TO EFFECTUATE THE**
    **PURPOSES OF COORDINATION AND WILL PROMOTE THE ENDS OF**
17  **JUSTICE**

18          Coordination of civil actions sharing a common question of fact or law is appropriate if

19  one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends

20  of justice, taking into account the following factors (Code Civ. Proc. § 404.1):

21          (1)     whether the common question of fact or law is predominating and significant to

22                  the litigation;

23          (2)     the convenience of parties, witnesses, and counsel;

24          (3)     the relative development of the actions and the work product of counsel;

25          (4)     the efficient utilization of judicial facilities and manpower;

26          (5)     the calendar of the courts;

27          (6)     the disadvantages of duplicative and inconsistent rulings, orders, or judgments;

28                  and

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION**

(7)     the likelihood of settlement of the actions without further litigation should

coordination be denied.

This Petition is made on the grounds that the Eliquis Product Liability Actions share common questions of law and fact, and coordination will promote the ends of justice as required by Code Civ. Proc. § 404.1 and 404.4 for the following reasons:

- The included actions require resolution of similar or even identical factual and legal issues;

- Coordination will further the convenience of the parties, witnesses, and counsel;

- All of the named defendants in any one included action are common to all included actions;

- Defense counsel for Defendants will likely be the same counsel of record in each of the included actions;

- With the exception of *Charlene Little, et al., v. McKesson Corporation, et al.*, San Diego County Superior Court Case No. 37-2016-00018332-CU-MT-CTL, where Defendants have recently responded to the complaints by a Notice of Removal, to the best of Petitioners' knowledge, no answers have yet been filed in the 10 actions subject to this Petition, and discovery has yet to be served. In several of these cases, to the best of Petitioners' knowledge, Defendants' counsel have yet to make an appearance.

- Coordination will further the efficient utilization of judicial resources; and

- Coordination will avoid the disadvantages of duplicative and potentially inconsistent rulings and orders.

**A.     The Cases Involve Common Questions of Fact and Law That Predominate and Are Significant to the Litigation.**

Each of the actions sought to be coordinated were filed on or after May 31, 2016. The Eliquis Product Liability Actions each involve a dispute as to whether Eliquis was dangerous and defective. The included actions allege that Defendants negligently and intentionally represented

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION**

1   that Eliquis had been tested and was found to be safe and effective for its indicated uses. These

2   representations were made with the intent to deceive and with the intent of inducing the purchase

3   of Eliquis.

4        Defendants concealed their knowledge of Eliquis' defects and risk, and caused Plaintiffs

5   and Petitioners serious and even fatal side effects as a result of internal bleeding. The dispute is

6   essentially the same for each of the included actions with some variance as to theories of liability

7   and prayers for relief.  Each of the included actions necessarily involve a court's interpretation and

8   application of a similar set of California laws.

9        **B.     Coordination Will Promote The Efficient Use of Judicial Resources And Will
           Advance The Convenience of the Parties, Witnesses, and Counsel.**

10

11       Coordination of the included actions will promote the efficient use of judicial and parties'

12   resources and will accommodate the convenience of all counsel by preventing the duplication of

13   effort and the costly adjudication of the same or substantially similar motions, such as demurrers,

14   judgment on the pleadings and motions for summary judgment. Coordination will also avoid

15   duplicative discovery. Each included action involves the same defendants. Many witnesses, factual

16   and expert, are likely to be the same in all of these cases. Thus, coordination will also advance the

17   potential witnesses by avoiding duplicative depositions. Coordination will also advance the

18   convenience of counsel by conserving their resources through cooperative discovery that will

19   benefit all parties and the court in the form of cost savings. Further, it is anticipated that additional

20   plaintiffs will likely be filing in Los Angeles County. Thus, because Los Angeles County is the

21   venue for the most plaintiffs, discovery proceedings would be facilitated by coordination in Los

22   Angeles County. "The preparation for trial in terms of depositions, interrogatories, admissions …

23   etc., will be better achieved if done in a coordinated manner." *McGhan Med. Corp. v. Superior*

24   *Court* (1992) 11 Cal. App. 4th 804, 814.

25       **C.     Coordination will alleviate the burden on the Courts.**

26       The Eliquis Product Liability Actions are pending in the Superior Court of California, but

27   in different Counties. Coordination will lessen the burden on the judicial system by avoiding

28   adjudication of the same or similar issues multiple times.  The cases involve claims arising from

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION**

the same conduct by the same defendants – the design and manufacture of a defective pharmaceutical product. Since motion practice, document discovery, depositions of witnesses, and other aspects of litigation will follow a similar course of conduct, coordination will alleviate the burden on the courts from needlessly adjudicating the same types of motions and issues.

**D.      Refusal to Coordinate May Result in Duplicative and Potentially Inconsistent Rulings.**

The included cases will involve significant motion practice. Coordination will ensure uniform and consistent rulings. By contrast, allowing these cases to proceed independently will result in various courts determining the same factual issues on the same types of motions.  A single court should resolve such issues.

**E.      Settlement is Unlikely Without Coordination**

Finally, without coordination, settlement is unlikely. The primary motivators driving the settlement of cases, generally, are eliminating further litigation, avoiding the risk of an adverse judgment, and avoiding additional litigation costs. The incentive to settle any of the included actions is greatly reduced without coordination. Settlement of one case may not end the litigation of the others, leaving Defendants with a continued risk of adverse judgment and substantial litigation costs. A realistic possibility of settlement would only arise if Defendants are able to settle these claims in a coordinated action.

**V.      THE CENTRAL CIVIL WEST COURTHOUSE OF THE LOS ANGELES COUNTY   SUPERIOR COURT IS THE APPROPRIATE LOCATION FOR ASSIGNMENT OF  THE COORDINATED STATE PROCEEDING**

Petitioner requests that the Chair of the Judicial Commission select the Central Civil West Courthouse ("CCW") of the Los Angeles County Superior Court as the location for assignment of the one judge to preside over the coordinated proceeding. With the existence of a complex case panel, Central Civil West hears complex litigation cases assigned from throughout Los Angeles County and the State of California. The CCW judges have exceptional experience presiding over coordinated proceedings, including, to name a few, the Yaz, Avandia, transvaginal mesh, Johnson & Johnson Talcum Powder, and Wright Medical Hip product liability JCCPs. Additionally, Los Angeles County is the county where the most Eliquis cases are pending.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION**

## VI.   ISSUING A STAY PENDING DETERMINATION OF THIS PETITION WILL PROMOTE THE OBJECTIVES OF COORDINATION

Petitioners also move to stay the included actions while the Court decides whether they should be coordinated and, if so, where. Such a stay is expressly authorized by California Code of Civil Procedure section 404.5 and California Rule of Court 3.515 and would cover only an interim period while a decision on the Petition is pending. If this Court grants the Coordination Petition, the coordinated cases are automatically stayed by Rule of Court 3.529(b) so that one judge can be selected and assume control over the cases. The interim stay that Petitioners seek is appropriate to effectuate the purposes of coordination, including the efficient utilization of judicial facilities and man power, the avoidance of inconsistent rulings and orders, and the convenience of the parties and counsel. Cal. Civ. Proc. Code § 404.1.

Coordination is meant to further the efficient handling of multiple, complex matters. These cases, if ordered, are perfectly positioned to reap those benefits. Litigation is in its earliest stages. If coordinated, the rules contemplate an early hearing for the court to establish, *inter alia*, a discovery schedule, a central depository to maintain evidentiary materials, a motion schedule, and the appointment of liaison counsel. Cal. Rule of Court, Rule 3.541(a).

The coordination rules provide for interim and automatic stays in order to avoid piecemeal discovery and motion practice, and multiple response deadlines in separate cases. A stay would preserve the status quo and, if the cases are coordinated, allow one judge to manage these cases in their entirety as the rules contemplate.

There is no compelling reason not to grant the interim stay. No action is subject to a trial or trial schedule that would be affected by a stay.  In the event coordination is denied, the plaintiffs will proceed individually and any delay will have been brief. If coordination is granted, the assigned judge's handling of the actions will achieve the desired results of coordination in an orderly fashion and with fewer burdens.

Therefore, Petitioners respectfully request that the Court grant an interim stay and preserve the status quo pending the outcome of this Petition.

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION**

1    **VII.    CONCLUSION**

2            Coordination should be ordered because it is appropriate under the standards set out in

3    Section 404.1 of the Code of Civil Procedure, in that the common questions of fact and law

4    predominate and are significant to the litigation, so that coordination will be convenient to the

5    parties, witnesses, and counsel and will avoid duplicative and inconsistent rulings.

6

7    DATED: October 19, 2016                    Respectfully submitted,

8                                               **KIESEL LAW LLP**

9

10                                             By:  _____

11                                                  Paul R. Kiesel
                                                    Helen Zukin
12                                                  Melanie Palmer

13                                             **SALIM-BEASLEY, LLC**
                                                    Barrett Beasley
14                                                  Robert L. Salim
                                                    Lisa Causey-Streete
15

16                                             Attorneys for Plaintiffs and Petitioners

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION**

1 | Paul R. Kiesel, State Bar No. 119854
      kiesel@kiesel.law
2 | Helen Zukin, State Bar No. 117933
      zukin@kiesel.law
3 | Melanie Palmer, State Bar No. 286752
      palmer@kiesel.law
4 | **KIESEL LAW LLP**
    8648 Wilshire Boulevard
5 | Beverly Hills, California 90211-2910
    Tel:    310-854-4444
6 | Fax:    310-854-0812

7 | Barrett L. Beasley, State Bar No. 194143
      bbeasley@salim-beasley.com
8 | Robert L. Salim [*Pro Hac Vice* Pending]
      robertsalim@cp-tel.net
9 | Lisa Causey-Streete [*Pro Hac Vice* Pending]
      lcausey@salim-beasley.com
10 | **SALIM-BEASLEY, LLC**
     1901 Texas Street
11 | Natchitoches, Louisiana 71457
     Tel:    (318) 352-5999
12 | Fax:    (318) 352-5998

13 | Attorneys for Plaintiffs and Petitioners

14 |              **JUDICIAL COUNCIL OF CALIFORNIA**

15 |              **CHAIR OF THE JUDICIAL COUNCIL**

16 |

17 | BONNIE MCINTOSH,                        JCCP No. 4899

18 |          Plaintiff and Petitioner,      Santa Cruz County Superior Court
                                             Case No. 16CV02437
19 |     v.

20 | MCKESSON CORPORATION, et al.,           **DECLARATION OF HELEN ZUKIN IN
                                             SUPPORT OF PETITION FOR
21 |          Defendants and Respondents.    COORDINATION OF ELIQUIS
                                             PRODUCT LIABILITY ACTIONS**

22 |                                         [*Filed concurrently with Petition for
                                             Coordination and Memorandum of Points and
23 |                                         Authorities*]

24 | RICHARD FONGER, et al.,                 San Diego County Superior Court
                                             Case No. 37-2016-00034957-CU-PL-NC
25 |          Plaintiffs and Petitioner,

26 |     v.

27 | MCKESSON CORPORATION, et al.,

28 |          Defendants and Respondents.

---

**DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**



RECEIVED
OCT 2 0 2016
JUDICIAL COUNCIL OF CALIFORNIA
BY
COORDINATION ATTORNEY

| | |
|---|---|
| GABRIEL DELLUTRI,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Los Angeles County Superior Court<br>Case No. BC636969 |
| OZRA LEBASTCHI,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Los Angeles County Superior Court<br>Case No. BC637075 |
| DOLORES WILLIAMS,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Los Angeles County Superior Court<br>Case No. BC637219 |
| JUDY HAYES,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | Riverside County Superior Court<br>Case No. RIC 1613388 |
| FLORENCE QUARG,<br><br>        Plaintiff and Petitioner,<br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>        Defendants and Respondents. | San Diego County Superior Court<br>Case No. 37-2016-00035743-CU-PL-CTL |
| NORMA STUART,<br><br>        Plaintiff and Petitioner,<br>v. | Orange County Superior Court<br>Case No. 30-2016-00880347-CU-PL-CXC |

2

**DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**

1    MCKESSON CORPORATION, et al.,

2              Defendants and Respondents.

3    _____

4    RANDALL CROSBY,                              Mendocino County Superior Court
                                                  Case No. SCUK-CVPO-2016-68260
5              Plaintiff and Petitioner,

6    v.

7    MCKESSON CORPORATION, et al.,

              Defendants and Respondents.

8

9                          **DECLARATION OF HELEN ZUKIN**

10        I, Helen Zukin, declare and state as follows:

11        1.   I am an attorney at law, duly licensed to practice before this Court and all of the courts

12   of the State of California, and a partner of Kiesel Law LLP, counsel of record for Plaintiffs Bonnie

13   McIntosh, Richard Fonger and Jean Kelley, Gabriel Dellutri, Ozra Lebastchi, Dolores Williams, Judy

14   Hayes, Florence Quarg, Norma Stuart, and Randall Crosby. I make this Declaration in support of the

15   Petition for Coordination of Eliquis Product Liability Actions. I have personal knowledge of the

16   matters stated in this Declaration and know them to be true and correct.

17        2.   The names of the petitioners and the names and addresses of their attorneys of record

18   are as follows:

19        **Petitioners:** Bonnie McIntosh, Richard Fonger and Jean Kelley, Gabriel Dellutri, Ozra

20   Lebastchi, Dolores Williams, Judy Hayes, Florence Quarg, Norma Stuart, and Randall Crosby.

21        **Petitioners' Attorneys of Record**

22   Paul R. Kiesel, Esq.                         Barrett L. Beasley
     Helen Zukin, Esq.                            Robert L. Salim
23   Melanie Meneses Palmer, Esq.                 Lisa Causey-Streete
     Kiesel Law LLP                               Salim-Beasley, LLC
24   8648 Wilshire Blvd.                          1901 Texas Street
     Beverly Hills, CA 90211                      Natchitoches, Louisiana 71457
25

26        3.   The names of the parties to all included actions, the name and address of each party's

27   attorney of record, the complete title of each included action, the number of the action, the title of the

28   court in which the action is pending, and the status of each included action, including the status of any

                                                 1
     **DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**

pretrial or discovery motions or orders in that action which are known to Petitioner are as follows:

    a. *Mariano Aguirre, et al. v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC633591 (filed 09/09/2016);

        i. **Judicial Officer**: Hon. Steven J. Kleifield, Department 324, Los Angeles County Superior Court – Central Civil West Courthouse;

        ii. **Plaintiff**: Mariano Aguirre, Sr., and Mariano Aguirre, Jr.;

        iii. **Attorney for Plaintiff**: Michael Louis Kelly, Kirtland & Packard LLP, 2041 Rosecrans Avenue, Third Floor, El Segundo, California 90245;

        iv. **Defendant**: Mckesson Corporation;

        v. **Defendant**: Bristol-Myers Squibb Company ("BMS");

        vi. **Defendant**: Pfizer, Inc.;

        vii. **Attorney for Defendant Mckesson Corporation**: Morrison & Foerster, Julie Park, 12531 High Bluff Drive, Suite 100, San Diego, CA 92130

        viii. **Attorney for Defendants BMS and Pfizer, Inc**: DLA Piper LLP, Matthew A. Holian, 33 Arch Street, 26th Floor, Boston, Massachusetts 02110; Brooke Killian Kim, 401 B Street, Suite 1700 San Diego, California 92101.

    b. *Bonnie McIntosh v. McKesson Corporation, et al.*, Santa Cruz County Superior Court Case No. 16CV02437 (filed 09/21/2016);

        i. **Judicial Officer**: Judge Paul Burdick in Department 5, Santa Cruz County Superior Court – 701 Ocean Street, Santa Cruz, CA 95060

        ii. **Plaintiff**: Bonnie McIntosh

        iii. **Attorney for Plaintiff**: Helen Zukin, Kiesel Law LLP, 8648 Wilshire Boulevard, Beverly Hills, CA 90211; Barrett L. Beasley, Salim-Beasley, LLC, 1901 Texas Street, Natchitoches, Louisiana 71457;

        iv. **Defendant**: Mckesson Corporation;

        v. **Defendant**: Bristol-Myers Squibb Company

**DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**

vi. **Defendant**: Pfizer, Inc.;

    c.  *Richard Fonger, et al. v. McKesson Corporation, et al.*, San Diego County Superior Court Case No. 37-2016-00034957-CU-PL-NC (filed 10/05/2016);

       i. **Judicial Officer**: Judge Robert P. Dahlquist in Department N-29 of the San Diego County Superior Court – North County Vista, 325 South Melrose Drive, Vista, CA 92081;

      ii. **Plaintiffs**: Richard Fonger and Jean Kelley

     iii. **Attorney for Plaintiff**: Helen Zukin, Kiesel Law LLP, 8648 Wilshire Boulevard, Beverly Hills, CA 90211; Barrett L. Beasley, Salim-Beasley, LLC, 1901 Texas Street, Natchitoches, Louisiana 71457;

      iv. **Defendant**: Mckesson Corporation;

      v. **Defendant**: Bristol-Myers Squibb Company

      vi. **Defendant**: Pfizer, Inc.;

    d.  *Gabriel Dellutri v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC636969 (filed 10/12/2016);

       i. **Judicial Officer**: Judge Steven J. Kleifield in Department 324 in Los Angeles Superior Court – Central Civil West, 600 South Commonwealth Avenue, Los Angeles, CA 90005

      ii. **Plaintiff**: Gabriel Dellutri

     iii. **Attorney for Plaintiff**: Helen Zukin, Kiesel Law LLP, 8648 Wilshire Boulevard, Beverly Hills, CA 90211; Barrett L. Beasley, Salim-Beasley, LLC, 1901 Texas Street, Natchitoches, Louisiana 71457;

      iv. **Defendant**: Mckesson Corporation;

      v. **Defendant**: Bristol-Myers Squibb Company

      vi. **Defendant**: Pfizer, Inc.;

    e.  *Ozra Lebastchi v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC637075 (filed 10/12/2016);

       i. **Judicial Officer**: Judge Steven J. Kleifield in Department 324 in Los

**DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**

1    Angeles Superior Court – Central Civil West, 600 South

2    Commonwealth Avenue, Los Angeles, CA 90005;

3         ii.   **Plaintiff**: Ozra Lebastchi

4         iii.  **Attorney for Plaintiff**: Helen Zukin, Kiesel Law LLP, 8648 Wilshire

5               Boulevard, Beverly Hills, CA 90211; Barrett L. Beasley, Salim-

6               Beasley, LLC, 1901 Texas Street, Natchitoches, Louisiana 71457;

7         iv.   **Defendant**: Mckesson Corporation;

8         v.    **Defendant**: Bristol-Myers Squibb Company

9         vi.   **Defendant**: Pfizer, Inc.;

10   f.   *Dolores Williams v. McKesson Corporation, et al.*, Los Angeles County

11        Superior Court Case No. BC637219 (filed 10/12/2016);

12        i.    **Judicial Officer**: Judge Steven J. Kleifield in Department 324 in Los

13              Angeles Superior Court – Central Civil West, 600 South

14              Commonwealth Avenue, Los Angeles, CA 90005;

15        ii.   **Plaintiff**: Dolores Williams

16        iii.  **Attorney for Plaintiff**: Helen Zukin, Kiesel Law LLP, 8648 Wilshire

17              Boulevard, Beverly Hills, CA 90211; Barrett L. Beasley, Salim-

18              Beasley, LLC, 1901 Texas Street, Natchitoches, Louisiana 71457;

19        iv.   **Defendant**: Mckesson Corporation;

20        v.    **Defendant**: Bristol-Myers Squibb Company

21        vi.   **Defendant**: Pfizer, Inc.;

22   g.   *Judy Hayes v. McKesson Corporation, et al.*, Riverside County Superior Court

23        Case No. RIC1613388 (filed 10/12/2016);

24        i.    **Judicial Officer**: Judge Craig G. Riemer in Department 5 of the

25              Riverside County Superior Court – 4050 Main Street, Riverside, CA

26              92501;

27        ii.   **Plaintiff**: Judy Hayes

28        iii.  **Attorney for Plaintiff**: Helen Zukin, Kiesel Law LLP, 8648 Wilshire

---

4

**DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**

1                        Boulevard, Beverly Hills, CA 90211; Barrett L. Beasley, Salim-

2                        Beasley, LLC, 1901 Texas Street, Natchitoches, Louisiana 71457;

3          iv.  **Defendant**: Mckesson Corporation;

4           v.  **Defendant**: Bristol-Myers Squibb Company

5          vi.  **Defendant**: Pfizer, Inc.;

6      h.  *Florence Quarg v. McKesson Corporation, et al.*, San Diego County Superior

7         Court Case No. 37-2016-00035743-CU-PL-CTL (filed 10/12/2016);

8           i.  **Judicial Officer**: Judge Ronald L. Styn in Department C-62 of the

9                San Diego County Superior Court – Central, 330 West Broadway, San

10                Diego, CA 92101;

11          ii.  **Plaintiff**: Florence Quarg

12        iii.  **Attorney for Plaintiff**: Helen Zukin, Kiesel Law LLP, 8648 Wilshire

13                Boulevard, Beverly Hills, CA 90211; Barrett L. Beasley, Salim-

14                Beasley, LLC, 1901 Texas Street, Natchitoches, Louisiana 71457;

15          iv.  **Defendant**: Mckesson Corporation;

16           v.  **Defendant**: Bristol-Myers Squibb Company

17          vi.  **Defendant**: Pfizer, Inc.;

18    i.  *Norma Stuart v. McKesson Corporation, et al.*, Orange County Superior Court

19         Case No. 30-2016-00880347-CU-PL-CXC (filed 10/11/2016);

20           i.  **Judicial Officer**: Judge Kim G. Dunning in Department CX104,

21                Orange County Superior Court – Civil Complex Center, 751 West

22                Santa Ana Blvd., Santa Ana, CA 92701

23          ii.  **Plaintiff**: Norma Stuart

24        iii.  **Attorney for Plaintiff**: Helen Zukin, Kiesel Law LLP, 8648 Wilshire

25                Boulevard, Beverly Hills, CA 90211; Barrett L. Beasley, Salim-

26                Beasley, LLC, 1901 Texas Street, Natchitoches, Louisiana 71457;

27          iv.  **Defendant**: Mckesson Corporation;

28           v.  **Defendant**: Bristol-Myers Squibb Company

**DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**

vi. **Defendant**: Pfizer, Inc.;

j. *Randall Crosby v. McKesson Corporation, et al.*, Mendocino County Superior Court Case No. SCUK-CVPO-2016-68260 (filed 10/17/2016);

   i. **Judicial Officer**: Judge Jeanine Nadel in Department E of the Mendocino County Superior Court – 100 North State Street, Ukiah, CA 95482;

   ii. **Plaintiff**: Randall Crosby

   iii. **Attorney for Plaintiff**: Helen Zukin, Kiesel Law LLP, 8648 Wilshire Boulevard, Beverly Hills, CA 90211; Barrett L. Beasley, Salim-Beasley, LLC, 1901 Texas Street, Natchitoches, Louisiana 71457;

   iv. **Defendant**: Mckesson Corporation;

   v. **Defendant**: Bristol-Myers Squibb Company

   vi. **Defendant**: Pfizer, Inc.

4. Based on the sheer number of sales of Eliquis to patients in California, Petitioners further anticipate hundreds, if not thousands, of potential cases to be filed in California courts alleging similar injuries arising out the use of Eliquis.

5. The actions sought to be coordinated here, for pretrial purposes only, are complex actions, as defined by the Judicial Council in California Rules of Court, Rules 3.502 and 3.400, so as to allow their coordination under Code of Civil Procedure Section 404. The included actions will involve numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve; management of a large number of witnesses and a substantial amount of documentary evidence; and management of a large number of separately represented parties. Furthermore, the included actions are provisionally complex under California Rules of Court Section 3.400(b) because they involve mass torts.

6. The Eliquis Product Liability Actions require resolution of similar or even identical factual and legal issues. The included cases involve common questions of fact or law against the same or a similar group of defendants. The Eliquis Product Liability Actions each involve a dispute as to whether Eliquis was dangerous and defective. The included actions allege that Defendants negligently

1   and intentionally represented that Eliquis had been tested and was found to be safe and effective for its

2   indicated uses. These representations were made with the intent to deceive and with the intent of

3   inducing the purchase of Eliquis. Defendants concealed their knowledge of Eliquis' defects and risk,

4   and caused Plaintiffs and Petitioners serious and even fatal side effects as a result of internal bleeding.

5   The dispute is essentially the same for each of the included actions with some variance as to theories

6   of liability and prayers for relief. Each of the included actions necessarily involves a court's

7   interpretation and application of a similar set of California laws.

8           7.   This Petition is made on the grounds that the Eliquis Product Liability Actions share

9   common questions of law and fact, and coordination will promote the ends of justice as required by

10  Code Civ. Proc. § 404.1 and 404.4 for the following reasons:

11  - The included actions require resolution of similar or even identical factual and
12    legal issues;

13  - Coordination will further the convenience of the parties, witnesses, and counsel;

14  - Most of the named defendants in any one included action are common to all
15    included actions;

16  - Defense counsel for Defendants Bristol-Meyers Squibb and Pfizer, Inc, namely
17    the law firm of DLA Piper LLP, will likely be the same counsel of record in each
18    of the included actions;

19  - Defense counsel for Defendant Mckesson Corporation, namely the law firm of
20    Morrison & Foerster, will likely be the same counsel of record in each of the
21    included actions;

22  - To the best of Petitioners knowledge, no answers have yet been filed in these
23    actions, and discovery has yet to be served. In several of these cases, to the best of
24    my knowledge, Defendants' counsels have yet to make an appearance.

25  - Coordination will further the efficient utilization of judicial resources; and

26  - Coordination will avoid the disadvantages of duplicative and potentially
27    inconsistent rulings, orders, and judgments.

28          8.   Coordination of the included actions will promote the efficient use of judicial and

7

**DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**

parties' resources and will accommodate the convenience of all counsel by preventing the duplication of effort and the costly adjudication of the same or substantially similar motions, such as demurrers, judgment on the pleadings and motions for summary judgment. Coordination will also avoid duplicative discovery. Each included action involves common defendants. Many witnesses, factual and expert, are likely to be the same in all of these cases. Thus, coordination will also advance the potential witnesses by avoiding duplicative depositions. Coordination will also advance the convenience of counsel by conserving their resources through cooperative discovery that will benefit all parties and the court in the form of cost savings. Further, it is anticipated that additional plaintiffs will likely be filing in Los Angeles County. Thus, because Los Angeles County is the venue for the most plaintiffs, discovery proceedings would be facilitated by coordination in Los Angeles County.

9.   The Eliquis Product Liability Actions are pending in the Superior Court of California, but in different Counties and Departments. The cases involve claims arising from the same conduct by the defendants – the design and manufacture of a defective pharmaceutical product.

10. The included cases will involve significant motion practice.  Motion practice, document discovery, depositions of witnesses, and other aspects of litigation will follow a similar course of conduct throughout the cases.

11. A hearing on this petition may conveniently and appropriately be held at Los Angeles Superior Court.

## EXHIBITS

12. Attached as **Exhibit 1** is a true and correct copy of the complaint *Mariano Aguirre, et al. v. McKesson Corporation, et al*., Los Angeles County Superior Court Case No. BC633591 (filed 09/09/2016);

13. Attached as **Exhibit 2** is a true and correct copy of the complaint *Bonnie McIntosh v. McKesson Corporation, et al*., Santa Cruz County Superior Court Case No. 16CV02437 (filed 09/21/2016);

14. Attached as **Exhibit 3** is a true and correct copy of the complaint *Richard Fonger, et al. v. McKesson Corporation, et al*., San Diego County Superior Court Case No. 37-2016-00034957-CU-PL-NC (filed 10/05/2016);

**DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**

15. Attached as **Exhibit 4** is a true and correct copy of the complaint *Gabriel Dellutri v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC636969 (filed 10/12/2016);

16. Attached as **Exhibit 5** is a true and correct copy of the complaint *Ozra Lebastchi v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC637075 (filed 10/12/2016);

17. Attached as **Exhibit 6** is a true and correct copy of the complaint *Dolores Williams v. McKesson Corporation, et al.*, Los Angeles County Superior Court Case No. BC637219 (filed 10/12/2016);

18. Attached as **Exhibit 7** is a true and correct copy of the complaint *Judy Hayes v. McKesson Corporation, et al.*, Riverside County Superior Court Case No. RIC1613388 (filed 10/12/2016);

19. Attached as **Exhibit 8** is a true and correct copy of the complaint *Florence Quarg v. McKesson Corporation, et al.*, San Diego County Superior Court Case No. 37-2016-00035743-CU-PL-CTL (filed 10/12/2016);

20. Attached as **Exhibit 9** is a true and correct copy of the complaint *Norma Stuart v. McKesson Corporation, et al.*, Orange County Superior Court Case No. 30-2016-00880347-CU-PL-CXC (filed 10/11/2016);

21. Attached as **Exhibit 10** is a true and correct copy of the complaint *Randall Crosby v. McKesson Corporation, et al.*, Mendocino County Superior Court Case No. SCUK-CVPO-2016-68260 (filed 10/17/2016);

22. Petitioners will submit to the Chair of the Judicial Council, notice and proof of filing in each included action, within five (5) court days of submitting the Petition for Coordination, as required by Rule 3.522.

/ / /

/ / /

/ / /

/ / /

9

**DECLARATION OF HELEN ZUKIN IN SUPPORT OF PETITION FOR COORDINATION**

1         23. Petitioners will serve the Notice of Submission of Petition for Coordination, the

2    Petition for Coordination, and all supporting documents on each party appearing in each included

3    action and submit the notice to the Chair of the Judicial Council within five court days of submitting

4    the Petition for Coordination, as required by Rule 3.523.

5         I declare under penalty of perjury of the laws of the State of California that the foregoing is

6    true and correct.

7         Executed on October 19, 2016, at Beverly Hills, California.

8

9    _____

10   Helen Zukin

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

      I hereby certify that on November 7, 2016, I caused the foregoing to be electronically filed

3

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4

the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the

5

foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF

6

participants indicated on the Manual Notice List.

7

      I certify under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct.  Executed on November 7, 2016.

9

10

DATED: November 7, 2016        Respectfully Submitted,

11

                **KIESEL LAW LLP**

12

13

              By:       */s/ Helen Zukin*

14

                 Helen Zukin
                  *zukin@kiesel.law*

15

                 8648 Wilshire Boulevard
                 Beverly Hills, California 90211

16

                 Tel.: (310) 854-4444
                 Fax: (310) 854-0812

17

18

19

20

21

22

23

24

25

26

27

28