IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL CROSBY, individually and as Successor-in-Interest of the ESTATE OF GWENDOLYN CROSBY,<br><br>        Plaintiff,<br><br>    v.<br><br>MCKESSON CORPORATION; BRISTOL-MYERS SQUIBB; and PFIZER, INC.,<br><br>        Defendants. | No. C 16-6306 CW<br><br>ORDER REMANDING ACTION TO STATE COURT AND DENYING AS MOOT DEFENDANTS' MOTION TO STAY |

Plaintiff Randall Crosby brought this pharmaceutical product liability action in the Mendocino County Superior Court against Defendants McKesson Corporation, Bristol-Myers Squibb (BMS), and Pfizer, Inc. BMS and Pfizer removed the action to this Court on the basis of diversity jurisdiction, alleging that McKesson was fraudulently joined. In the alternative, BMS and Pfizer ask that the Court sever the claims against McKesson. Plaintiff has filed a motion to remand, arguing that BMS and Pfizer have failed to show that McKesson was fraudulently joined. Also before the Court is BMS and Pfizer's motion to stay the action pending a potential transfer to a multidistrict litigation proceeding. Having considered the parties' papers, the Court GRANTS Plaintiff's motion to remand and DENIES as moot BMS and Pfizer's motion to stay.

BACKGROUND

BMS and Pfizer are pharmaceutical companies that manufacture Eliquis, a drug to treat atrial fibrillation. The products-

liability action is one of a number of cases filed against Defendants for alleged personal injury caused by Eliquis. On October 13, 2016 BMS and Pfizer petitioned the United States Judicial Panel on Multidistrict Litigation (JPMDL) for coordination of several actions involving Eliquis. Plaintiff filed the instant action in the Mendocino County Superior Court on October 17, 2016. Plaintiff's complaint asserts eight causes of action against Defendants: (1) negligence; (2) strict products liability--design defect; (3) strict products liability--failure to warn; (4) breach of express warranty; (5) breach of implied warranty; (6) negligent misrepresentation; (7) deceit by concealment in violation of California Civil Code sections 1709 and 1710; and (8) fraud. On October 21, 2016, Plaintiff and several other litigants petitioned the Judicial Council of California for coordination of their cases regarding the sale and distribution of Eliquis.

On November 1, 2016, BMS and Pfizer removed the case, alleging that Defendant McKesson, a citizen of California, was fraudulently joined to avoid federal jurisdiction. On November 4, 2016, BMS and Pfizer filed a notice of related actions before the JPMDL, identifying additional cases for potential inclusion in the proposed multidistrict litigation (MDL) proceedings, which listed ten cases, including the instant action. The petition for coordinated actions is set for hearing on January 26, 2017. However, only those cases listed on the original petition for coordinated action are set for consideration. Accordingly, the JPMDL will not be considering whether to transfer the instant case at the January hearing.

Plaintiff moves for remand arguing that McKesson was not fraudulently joined. Accordingly, Plaintiff argues that the Court lacks subject-matter jurisdiction over the case because both he and McKesson are citizens of California. BMS and Pfizer move to stay this case pending the JPMDL's decision whether to institute a coordinated proceeding and, if it does, whether to transfer this case to it.

## DISCUSSION

### I. Competing Motions

Each side argues that the Court should decide its motion first. However, there is no clear rule requiring the Court to decide one motion before the other. Here, it is not clear whether the JPMDL will transfer and consolidate the cases it is considering in January 2017. Moreover, even if it does, it has not set a date to consider whether additional cases, including the instant case, should be transferred. As discussed more fully below, the Court finds that it lacks subject matter jurisdiction over this matter. Accordingly, the Court denies the motion to stay as moot.

### II. Motion to Remand

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."

Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations omitted).

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

A non-diverse party named in a complaint can be disregarded for purposes of determining whether diversity jurisdiction exists if a district court determines that the party's inclusion in the action is a "sham" or "fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. Under California law, a complaint must contain a "statement of facts constituting the cause of action, in ordinary and concise language." Cal. Code. Civ. Pro. section 425.10(a)(1).

The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Moreover, there is a presumption against finding fraudulent joinder and defendants who assert it have a heavy burden of persuasion. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

4

Plaintiff challenges the Court's jurisdiction over this action because it lacks diversity of citizenship. BMS and Pfizer assert that McKesson is a sham defendant and that removal based on diversity jurisdiction was proper. They argue that Plaintiff's claims against McKesson are inadequate because Plaintiff's allegations are aimed against all "Defendants" and they fail to state a cause of action against McKesson under California law.

A.  Attribution of allegations to all Defendants

BMS and Pfizer first argue that Plaintiff's complaint fails to establish a cause of action against McKesson because the allegations are attributed to all Defendants, when certain allegations clearly do not apply to McKesson. For example, BMS and Pfizer point to allegations in the complaint that "Defendants" received FDA approval to market Eliquis, when only BMS obtained such approval. BMS and Pfizer contend, "Because Plaintiff repeatedly attributes allegations to 'defendants' that could never be attributed to McKesson, all allegations pleaded against 'defendants' are suspect and should be disregarded." Opposition to Motion to Remand, Docket No. 24 at 7. In support of this argument, they cite In re Phenylpropanolamine (PPA) Products Liability Litigation, 2002 WL 34418423, at *2-3 (W.D. Wash.), in which the court applied Mississippi law to deny the plaintiff's motion to remand a case to state court in Mississippi. The PPA court disregarded allegations made against all defendants when considering whether a retailer, Bill's Dollar Store, was a sham defendant. However PPA, a Western District of Washington case applying Mississippi law is not binding on this Court. Moreover, McKesson, a national pharmaceutical distributor with sales of over

5

$100 billion is not comparable to an independent retailer. See PPA, 2002 WL 34418423 at *2 (faulting the complaint for failing to provide "factual support for a conclusion that a dollar store possessed medical and scientific knowledge beyond that possessed by medical practitioners.").

Here, in contrast to PPA, there are credible allegations that McKesson "packaged, marketed, distributed, promoted and sold Eliquis in California and in Mendocino County" and an allegation that "McKesson supplied Eliquis pills at issue in this Complaint." Complaint ¶¶ 15, 17. Although there are allegations made as to "Defendants," which cannot be reasonably made as to McKesson, as discussed below, there are sufficient allegations that can be attributed to McKesson to support a claim for strict liability. When considering whether a defendant was joined fraudulently, "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." Plute v. Roadway Package Sys., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001); see also Byrris v. AT&T Wireless, Inc., 2006 WL 2038040, *1-2 (N.D. Cal.) (granting motion to remand where defendant failed to demonstrate that plaintiff would not be afforded leave to amend complaint to cure a purported deficiency).

B. Possibility of stating a cause of action

To show that McKesson is not a sham defendant, Plaintiff must only state one viable cause of action against it. Plaintiff contends that he has alleged a viable strict liability failure to warn claim against McKesson.

6

Although the California Supreme Court has held that manufacturers of prescription drugs can be held strictly liable for failure to warn of knowable risks, Brown v. Superior Court, 44 Cal. 3d 1049, 1069 (1988), the California courts have not expressly addressed whether others in the chain of distribution of prescription drugs are similarly strictly liable, see Moorhouse v. Bayer Healthcare Pharmaceuticals, Inc., 2008 WL 2477389, *5 (N.D. Cal.). However, under California law, the general rule is that "[i]n a product liability action, every supplier in the stream of commerce or chain of distribution, from manufacturer to retailer is potentially liable." Edwards v. A.L. Lease & Co., 46 Cal. App. 4th 1029, 1033 (1996). Because there is no California law foreclosing a strict liability failure to warn cause of action against a distributor, the Court cannot, on this basis, find that Plaintiff has obviously failed to state a cause of action against McKesson. Multiple other courts faced with the same cause of action in the context of fraudulent joinder have reached the same conclusion. See, e.g, Marble v. Organon, 2012 WL 2237271, *6 (N.D. Cal.) (finding that defendants "failed to establish that there is no possibility a California court will hold distributors liable for failure to warn consumers of the risks of a prescription drug"); Moorehouse, 2008 WL 2477389, *5 (same).

In order to prevail on a strict liability cause of action in California, Plaintiff must establish that McKesson's "failure to warn was a legal cause of the injury." Torres v. Xomox Corp., 49 Cal. App. 4th 1, 16 (1996). Plaintiff alleges that McKesson "promoted and marketed Eliquis through various channels and programs, including but not limited to discount card programs and

7

patient adherence programs." Complaint ¶ 15. Plaintiff further alleges that, when McKesson promoted and marketed Eliquis, it "was in an unsafe, defective, and inherently dangerous condition, which was dangerous to users" and that McKesson "knew or should have known . . . that Eliquis was in a defective condition, and was and is inherently dangerous and unsafe." Id. ¶ 77, 88. Finally, Plaintiff alleges causation stating that McKesson's "failure to exercise reasonable care in. . . marketing . . . Eliquis was a proximate cause of Decedent's injuries." Id. ¶ 86. These allegations state a sufficient cause of action against McKesson. BMS and Pfizer's arguments to the contrary are unavailing.

BMS and Pfizer also fault Plaintiff's complaint for alleging "on information and belief" that McKesson supplied the Eliquis at issue. However, this is sufficient under California law.[1] See Moorhouse, 2008 WL 2477389, *6-7 (holding that allegations on information and belief that McKesson distributed drug at issue "are sufficient to state a cause of action under California pleading requirements").

Given Defendants' heavy burden of persuasion and the presumption against finding fraudulent joinder, BMS and Pfizer have not demonstrated that McKesson is a fraudulently joined defendant. Plaintiff's motion to remand is therefore granted.

III. Motion to Sever

Finally, BMS and Pfizer argue that McKesson is not a necessary and indispensable party. Therefore, they argue that the

---

[1] Because these allegations are sufficient, the Court denies BMS and Pfizer's request that they be granted leave to conduct jurisdictional discovery.

8

Court should exercise its discretion to sever the claims against McKesson. Even assuming that McKesson is not an indispensable party, severing and remanding only the claims against it is not in the interest of economy or justice. Accordingly, the Court will not sever the claims against McKesson.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is GRANTED (Docket No. 11), and BMS and Pfizer's motion to stay is DENIED as moot (Docket No. 22).

The Clerk shall remand this action to the Mendocino County Superior Court and close the file.

IT IS SO ORDERED.

Dated: December 29, 2016

CLAUDIA WILKEN
United States District Judge

9